UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRY MINOR SMITH | * | CIVIL ACTION NO.: |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| DOLLAR GENERAL | * | JUDGE: |
| | * | |
| | * | MAGISTRATE: |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, DG Louisiana, LLC, improperly and incorrectly named and referred to as Dollar General and Dolgencorp, LLC, (DG Louisiana) who hereby removes this lawsuit to this Honorable Court, and avers the following:

**A.   Introduction**

I.

On or about October 25, 2019, Plaintiff, Terry Minor Smith, filed a Petition for Damages in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana entitled *"Terry Minor Smith versus Dollar General," No. 134314, "D".* The Plaintiff alleges that she sustained injuries at the Dollar General store located at 17700 Hwy. 182 Baldwin, Louisiana after tripping on concrete at the store.  Copies of Plaintiff's Petition for Damages and other pleadings are attached hereto as Exhibit "A" as required by 28 U.S.C. §1446(a).

**B.    The Parties and Their Citizenship**

II.

Plaintiff, Terry Minor Smith, is a citizen of and domiciled in the State of Louisiana.

III.

Defendant, DG Louisiana, is a foreign single member limited liability company organized under the laws of the State of Tennessee.

IV.

Defendant's, DG Louisiana, sole member is Dolgencorp LLC, a foreign limited liability company organized under the laws of the State of Kentucky. Dolgencorp LLC's sole member is Dollar General Corporation, a foreign corporation incorporated under the laws of the State of Tennessee, domiciled in the State of Tennessee and with its principal place of business in the State of Tennessee. Therefore, DG Louisiana is, in turn, a citizen of Tennessee.

**C.    Basis for Diversity Jurisdiction**

V.

This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship. Accordingly, removal is proper pursuant to 28 U.S.C. §1441(a).

VI.

The following is a complete explanation of the basis for diversity jurisdiction:

a.    Complete Diversity Exists Between the Parties: There is complete diversity between the parties, as the plaintiff is a citizen of the State of Louisiana and Defendant, DG Louisiana, including its constituent member and its member, are domiciled/incorporated and have principal places of business in states other than Louisiana.

b. Jurisdictional Amount:

1) Pursuant to 28 U.S.C §1332(a), the jurisdictional amount in a diversity case is $75,000.00, exclusive of interest and costs.

2) When, in alleged diversity cases, the plaintiff has alleged an indeterminate amount of damages, the removing defendant must prove by a preponderance of evidence that the amount in controversy exceeds the jurisdictional amount.  Defendant can carry this burden by showing that it is facially apparent that the claims will exceed the jurisdiction amount, or by setting forth facts in controversy, in the removal petition or by affidavit or other summary type evidence that support a finding of the requisite amount.  *Allen v. J.C. Penny,* 2000 WL 381935 (E.D. La. 2000).

3) If a defendant in a Louisiana suit can produce evidence sufficient to constitute a preponderance showing that, regardless of the style or wording of the demand, the amount in controversy actually exceeds § 1332 jurisdictional threshold, that Louisiana case will then resemble any other amount-in-controversy case, bringing into play the foundational rule of removal jurisdiction:  The plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000.00.  *Grant v. Chevron Phillips Chemical Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

4) The plaintiff, Terry Minor Smith, alleges that she sustained injuries at a Dollar General store at 17700 Hwy. 182 Baldwin, Louisiana after tripping on concrete at the store.  Plaintiff further alleges that the accident and her

        injuries were caused by the negligence and acts of omission of DG Louisiana.

5) The plaintiff further generally alleges that as a result of the accident she sustained injury to her person, embarrassment, pain and mental anguish. Also, plaintiff generally claims to have sustained past, present and future mental and physical pain and suffering and past, present and future medical expenses, etc.

6) Although it was not initially apparent from Plaintiff's Petition for Damages that the jurisdictional amount was met, Plaintiff's attached medical records, which were only received on September 17, 2020, make it clear that the Plaintiff seeks damages in excess of $75,000.00 exclusive of interest and costs.

7) A review of Plaintiff's medical records from Louisiana Orthopaedic Specialists, which were only received by Defendant on September 17, 2020, show that Plaintiff has been recommended for a Mumford Decompression and debridement of a torn rotator cuff in her left shoulder on August 26, 2019. The medical records also reflect that the Plaintiff has consented to this procedure on the same date. Additionally, the Plaintiff has been diagnosed with a left shoulder AC joint sprain, biceps tendonitis, shoulder impingement and bursitis. See Exhibit "B."

8) Further, Plaintiff's counsel has not executed a stipulation that the Plaintiff's damages were less than $75,000.00 which was forwarded on September 3, 2020. Exhibit "C."

9) It is clear from the Plaintiff's produced medical records, diagnosis and surgical recommendation and failure to execute the stipulation that the Plaintiff's damages will exceed $75,000.00 and are above the jurisdictional amount.

10) Conclusion:  Since the elements of complete diversity and jurisdictional amount are met, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.

**D.      Removal is Timely and Proper to this Court**

VII.

This Notice is timely under the provisions of 28 U.S.C. §1446(b)(3) and (c)(3)(A) and Fed. Rule of Civ. Pro.6 because it was filed within 30 days of receipt of "other paper", the Plaintiff's medical records Louisiana Orthopaedic Specialists, by the defendant DG Louisiana. DG Louisiana was not served with the medical records until on September 17, 2020.

VIII.

The 16th Judicial District Court for the Parish of St. Mary, State of Louisiana is located within the jurisdiction of the Western District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. §1441(a) because it is the district and division embracing the place where such action in pending.

IX.

Copies of this Notice of Removal are being served on opposing counsel and being filed with the Clerk of Court of the 16th Judicial District Court, Parish of St. Mary, State of Louisiana.

X.

Based on the foregoing, this Court has removal jurisdiction over this action based on diversity pursuant to 28 U.S.C. §1332 and §1441(a).

WHEREFORE, Defendant, DG Louisiana, LLC, improperly and incorrectly named and referred to as Dollar General and Dolgencorp, LLC, hereby removes the above action, now pending against it in the 16th Judicial District Court, Parish of St. Mary, State of Louisiana to the United States District Court for the Western District of Louisiana.

Respectfully Submitted:

**COURINGTON, KIEFER, SOMMERS, MARULLO & MATHERNE, L.L.C.**

*/s/ Daniel R. Estrada*
KAYE N. COURINGTON (LSBA #18582)
DANIEL R. ESTRADA (LSBA # 26632) T.A.
STEVEN M. LOZES (LSBA #8922)
616 Girod Street
New Orleans, LA  70130
Telephone:  (504) 524-5510
Facsimile: (504) 524-7887
kcourington@courington-law.com
destrada@courington-law.com
**ATTORNEYS FOR DEFENDANT,
DG LOUISIANA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon counsel for all parties herein by depositing same in the United States mail, postage prepaid, or via electronic mail, this 19th day of October, 2020:

Thomas L. Mahfouz, Esq.
1201 Brashear Avenue, Suite 201
P.O. Box 2526
Morgan City, Louisiana 70381
*/s/ Daniel R. Estrada*